IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD M. WING, JR.,

        Plaintiff,

  vs.                                              CIVIL NO.   01-939 LFG/WWD

BOARD OF COUNTY COMMISSIONERS
OF SAN JUAN COUNTY et al.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**
## **OF DISMISSAL WITH AND WITHOUT PREJUDICE**

      THIS MATTER is before the Court on State Defendants' motion to dismiss [Doc. 5]. The State Defendants seek dismissal of Plaintiff Donald M. Wing, Jr.'s ("Wing") case pursuant to Fed. R. Civ. P. 12(b)(6). Wing does not oppose the dismissal of his complaint, but asks that the dismissal be without prejudice rather than with prejudice.

      Wing's lawsuit arises out of his arrest, detention and subsequent prosecution for child sex crimes. He contends that he was wrongfully investigated, arrested, charged, prosecuted and incarcerated for sexual offenses. He sues numerous defendants, including state prosecutors and investigators, state court judges and court officials, the State's Governor and Attorney General, his own public defender, and various county commissioners.

      For the reasons hereafter stated, Wing's lawsuit is dismissed and his claims against the majority of the Defendants are dismissed with prejudice.

## Judicial Defendants, Individual Judges, Court Officials and Court Employees

A judge enjoys absolute immunity from damages arising out of actions taken in his or her judicial capacity. Stump v. Sparkman, 435 U.S. 349, 359, 98 S. Ct. 1099, 1106 (1978). Judges are protected by absolute immunity for judicial acts, except when they act in the clear absence of all jurisdiction. Stump 435 U.S. at 356-57 n.7; Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000).

Few doctrines are more solidly established at common law than the immunity of judges from liability for acts committed within their judicial discretion. Cleavinger v. Saxner, 474 U.S. 193, 199, 106 S. Ct. 496, 499-500 (1985), *citing* Pierson v. Ray, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217 (1967).

Wing's claims against judicial defendants all arise from his prosecution in State district court. He makes no allegations that any of the judicial defendants acted in the clear absence of all jurisdiction. Stump v. Sparkman. The mere fact that Wing believes that he was treated unfairly is not a point of consequence. A claim for damages against a judge is only actionable when the judge acts in clear absence of all jurisdiction. Id.

So, too, Wing's claims against various court administrators, reporters and court officials are subject to dismissal. In Whitesel v. Sengenberger, the Tenth Circuit stated: "[T]hose performing ministerial acts at the direction of a judge are also entitled to absolute immunity." Id., at 869. This type of judicial immunity permits the courts and court agents the freedom to exercise their functions with independence and without fear of consequence, even when, as here, a dissatisfied litigant seeks another forum to obtain relief from an adverse judgment. Pierson v. Ray.

Thus, Wing's claims against the Eleventh Judicial District judges, court administrators, employees and agents are all dismissed with prejudice. Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981).

**District Attorney and District Attorney Agents and Employees**

As is the case with judicial defendants, district attorneys involved in the investigation and prosecution of Wing's criminal cases are afforded prosecutorial immunity. Due to this immunity, it would be a futile act for Wing to seek to re-plead claims against the District Attorney Sandra Price or Assistant District Attorney June Stein. Thus, those Defendants are dismissed with prejudice.

**The State and State Employees in an Official Capacity**

Wing seeks to sue the Governor and the State Attorney General in an official capacity. Section 1983 lawsuits against the State are barred under the Eleventh Amendment, as are official capacity suits against State officials. Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105 (1985). Thus, any claims for monetary damages against the State or official capacity claims against State officials, which are tantamount to claims against the State, are dismissed with prejudice. If, however, Wing is asserting that the Governor and the Attorney General had some personal participation in this matter, and while acting under color of state law deprived him of a constitutional right, he may be able to plead some personal capacity claim against them. Therefore, while the Court dismisses with prejudice Wing's Section 1983 claims against the State and State officers acting in an official capacity, it will dismiss without prejudice private capacity claims asserts against State officials. Thus, to the extent that Wing has a factual predicate sufficient to withstand Fed. R. Civ. P. 11 requirements, he will be permitted an opportunity to amend his complaint as against these State officials and employees.

## County Officials and Employees

The same is true for Wing's claims against the Board of County Commissioners. Wing's complaint does not allege any personal involvement by any Commissioner, and clearly *respondeat superior* does not form a basis for Section 1983 liability. City of Canton v. Harris, 489 U.S. 378, 109 S. Ct. 1197 (1989). Nothing in Wing's complaint identifies any act by a County Commissioner, acting under the color of state law, that served to deprive Wing of his constitutional rights. Thus, the Court will dismiss Wing's claims against county officials and employees.

However, it is conceivable that Wing could state some cause of action under Section 1983 if there was personal involvement by a County Commissioner acting under the color of state law that served to deprive Wing of a federally protected right. Thus, Wing's claims against the County Commissioners are dismissed without prejudice, but Wing is granted leave to file an appropriate first amended complaint if he has a factual predicate sufficient to withstand the requirements of Rule 11.

Wing's claims against the Sheriff's Department are dismissed because the Sheriff's Department is not a suable entity. Martinez v. Winner, 771 F.2d 424 (10th Cir. 1985), *modified in part*, 778 F.2d 553; *remanded on other grounds*, 475 U.S. 1138, *vacated on other grounds*, 800 F.2d 230. For acts or omissions committed by a sheriff or deputy, the proper defendant is either the sheriff, under 42 U.S.C. § 1983, or San Juan County. As no sheriff is identified as having engaged in a violation of any federally protected right, the claims against the Sheriff's Department and its investigator, Bob Milton, are dismissed without prejudice.

## Public Defender's Office and Curtis Gurley

Finally, Wing seeks to sue his own attorney, Curtis Gurley. His claim is brought pursuant to 42 U.S.C. § 1983. The Public Defender's Office is an arm of state government and, as such, is

4

immune from suit under the Eleventh Amendment. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 65-66, 109 S. Ct. 2304, 2309 (1989). While attorney Gurley is not entitled to absolute immunity, federal law cloaks him with qualified immunity. *See* <u>Hernandez v. New Mexico</u>, No. 94-2287, 1995 WL 490289, at *4 (10th Cir. Aug. 16, 1995). Thus, Wing's claims against his attorney are also dismissed without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge